# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| GUY M. DOMAI, | REPORT AND RECOMMENDATION |
| Plaintiff, | Case No. 2:17-cv-462-JNP |
| v. | |
| TOM PARKER, | District Judge Jill N. Parrish |
| Defendant. | Chief Magistrate Judge Paul M. Warner (for IFP Application) |

This matter has been referred to Chief Magistrate Judge Paul M. Warner for review of Plaintiff Guy M. Domai's Motion for Leave to Proceed In Forma Pauperis ("IFP").[1] For the following reasons, this court recommends to District Judge Jill N. Parrish that Mr. Domai's motion be denied and that he be designated a restricted filer in the District of Utah.

## DISCUSSION

Mr. Domai has a long history as a pro se litigant in this district. "Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances." *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007). To place filing restrictions on a litigant, a court must (1) set forth "the litigant's lengthy and abusive history," (2) give specific "guidelines as to what the litigant may do to obtain . . . permission to file an action," and (3) provide the litigant "notice and an opportunity" to address

---

[1] Dkt. No. 1.

the proposed filing restrictions. *Id.* (citing *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989)). The court will address each of these three elements in turn.

### A. History

Mr. Domai has filed nineteen cases as a pro se litigant in the District of Utah. In every case but one, Mr. Domai sought leave from the court to proceed IFP. *See* 28 U.S.C. § 1915. To date, Mr. Domai has been permitted to proceed IFP in sixteen of the nineteen cases.

On March 5, 2009, Mr. Domai filed an employment discrimination case against his former employer, USANA Health Sciences.[2] This is the only case in which Mr. Domai did not seek IFP status. Mr. Domai alleged that his employer discriminated against him based on race. The case was dismissed by District Judge Clark Waddoups for insufficient services of process.[3]

On June 21, 2013, Mr. Domai filed claims under the Family and Medical Leave Act ("FLMA") for interference and retaliation against another former employer, American Express.[4] District Judge Ted Stewart dismissed the action for failure to participate in discovery, respond to a motion for summary judgment, and prosecute his case.[5]

On July 3, 2013, Mr. Domai filed an action against the Regency Apartments alleging claims under the Fair Housing Act.[6] *See* 42 U.S.C. §§ 3601 to 3631. This court issued an order

---

[2] *Domai v. USANA Health Sciences,* Case No. 2:09-cv-204-CW.

[3] *Id.* at Dkt. No. 13.

[4] *Domai v. American Express,* Case No. 2:13-cv-567-TS.

[5] *Id.* at Dkt. No. 62

[6] *Domai v. Regency Apartments,* Case No. 2:13-cv-635-DB.

2

providing Mr. Domai an opportunity to amend his deficient complaint.[7] After failing to file an amended complaint, District Judge Dee Benson adopted this court's Report and Recommendation and dismissed the action for failure to state a claim.[8]

On July 30, 2013, Mr. Domai filed an action against the Utah Highway Patrol and others for malicious and retaliatory prosecution, slander, and libel.[9] Magistrate Judge Brooke C. Wells issued a Report and Recommendation for dismissal of Mr. Domai's case under Rule 12(b)(6) for failure to state a claim.[10] Judge Waddoups adopted the Report and Recommendation and dismissed the action.[11]

On May 29, 2014, Mr. Domai filed a case against the owners of the building where he rented an apartment alleging that they violated his civil rights under 42 U.S.C. § 1982 and breached the covenant of quiet enjoyment of leased premises.[12] Magistrate Judge Wells issued a Report and Recommendation for dismissal under Rule 12(b)(6) and for failure to prosecute.[13] Judge Benson adopted Judge Wells's Report and Recommendation and dismissed the case.[14]

---

[7] *Id.* at Dkt. No. 10.

[8] *Id.* at Dkt. No. 15.

[9] *Domai v. Utah Highway Patrol*, Case No. 2:13-cv-720-CW.

[10] *Id.* at Dkt. No. 11.

[11] *Id.* at Dkt. No. 19.

[12] *Domai v. Regency Apartments*, Case No. 2:14-cv-404-DB.

[13] *Id.* at Dkt. No. 11.

[14] *Id.* at Dkt. No. 12.

On August 8, 2014, Mr. Domai filed a second case against the Utah Highway Patrol and others for malicious prosecution under 42 U.S.C. § 1983 in violation of his Fourth Amendment right against unreasonable seizure.[15] The facts of this case are significantly the same as the lawsuit Mr. Domai filed against the Utah Highway Patrol before Judge Waddoups noted above. Magistrate Judge Evelyn J. Furse issued a Report and Recommendation for dismissal under the Eleventh Amendment and on the basis of qualified immunity.[16] District Judge Robert J. Shelby adopted the Report and Recommendation and dismissed Mr. Domai's case.[17]

On July 31, 2015, Mr. Domai filed another lawsuit against his previous employer, American Express, and his supervisors, alleging that they discriminated against him based on his race and violated FMLA when they terminated his employment.[18] Again, the facts of this case are essentially the same as those filed against American Express before Judge Stewart discussed above. This court issued a Report and Recommendation to dismiss the case for statute of limitations violations and for failure to state a claim on which relief may be granted.[19] Judge Waddoups adopted this court's Report and Recommendation and dismissed the case.[20]

On August 5, 2015, Mr. Domai filed a case against the Director of Security at the Gateway Mall and others for violating his constitutional rights by depriving him of access to the

---

[15] *Domai v. Utah Highway Patrol*, Case No. 2:14-cv-583-RJS.

[16] *Id.* at Dkt. No. 40.

[17] *Id.* at Dkt. No. 41.

[18] *Domai v. American Express*, Case No. 2:15-cv-542-CW.

[19] *Id.* at Dkt. No. 24.

[20] *Id.* at Dkt. No. 29.

electrical outlets by McDonalds at the mall's food court.[21] Magistrate Judge Furse issued a Report and Recommendation that the defendants' motion to dismiss for failure to state a claim be granted but that Mr. Domai be allowed 30 days to file an amended complaint.[22] Chief District Judge David Nuffer adopted the Report and Recommendation and instructed Mr. Domai to file an amended complaint by June 5, 2017.[23] Mr. Domai has filed an amended complaint and, to date, the matter is still pending.[24]

Also on August 5, 2015, Mr. Domai filed a second case against the owners of the building where he rented an apartment alleging that they violated his civil rights under 42 U.S.C. § 1982 and breached the covenant of quiet enjoyment of leased premises.[25] The facts of this case are the same as those in the previous case also before Judge Benson as mentioned above. After Mr. Domai failed to respond to an Order to Show Cause, Judge Benson dismissed his case for failure to prosecute.[26]

On March 10, 2016, Mr. Domai filed a lawsuit under 42 U.S.C. § 1983 against the University of Utah and others claiming that he was unjustly banned from the law library.[27] He also alleged that the defendants defamed him. Judge Nuffer referred this case to Magistrate

---

[21] *Domai v. Ahleen*, Case No. 2:15-cv-564-DN.

[22] *Id.* at Dkt. No. 17.

[23] *Id.* at Dkt. No. 19.

[24] *Id.* at Dkt. No. 21.

[25] *Domai v. Pentalon Management*, Case No. 2:15-cv-566-DB.

[26] *Id.* at Dkt. No. 8.

[27] *Domai v. University of Utah*, Case No. 2:16-cv-196-DN-EJF.

Judge Furse who originally set the matter for a status conference on June 29, 2016.[28] Mr. Domai failed to appear at the hearing.[29] On January 25, 2017, Mr. Domai sought to reschedule the hearing[30] and Magistrate Judge Furse set a new hearing for June 26, 2017.[31] Mr. Domai again failed to appear.[32]

On April 13, 2017, Mr. Domai filed an application to proceed IFP to file a complaint against Jason Pfieffer, an officer with the University of Utah Police Department, for violating his Fourth Amendment right to be free from unreasonable search and seizure when Officer Pfieffer arrested Mr. Domai at the Marriott Library at the University of Utah.[33] The matter was referred to Magistrate Judge Furse for approval of his IFP application.[34] Magistrate Judge Furse requested additional information from Mr. Domai for his IFP application. To date, Mr. Domai has not yet provided the requested information and the matter remains pending.

On May 19, 2017, Mr. Domai filed five separate lawsuits and applications to proceed IFP against the following: (1) Ken Cheneault, the CEO of American Express;[35] (2) Steve Tuttle, a

---

[28] *Id.* at Dkt. No. 6.

[29] *Id.* at Dkt. No. 8.

[30] *Id.* at Dkt. No. 10.

[31] *Id.* at Dkt. No. 13.

[32] *Id.* at Dkt. No. 14.

[33] *Domai v. Pfieffer*, Case No. 2:17-cv-266-RJS-DBP.

[34] *Id.* at Dkt. No. 1.

[35] *Domai v. Cheneault*, Case No. 2:17-cv-445-BSJ.

senior vice president of American Express;[36] (3) Kris Hauser, also a senior vice president of American Express;[37] (4) Al Pech, a vice president of American Express;[38] and (5) Jeff Shane, a manager at American Express and Mr. Domai's direct supervisor.[39] Each of these lawsuits derives from the same operative facts and seeks the same relief as the two previous lawsuits filed against American Express and its employees before Judges Stewart and Waddoups, as noted above. Mr. Domai again alleges that he was terminated in violation of FMLA.

Three days later, on May 22, 2017, Mr. Domai filed three additional lawsuits and applications to proceed IFP against (1) American Express;[40] (2) Lisa Lepire, the Human Resources Manager at American Express Travel Services;[41] and (3) Tom Parker, Human Resources Vice President at American Express Phoenix Center, the instant pending IFP application.[42] In each of these complaints, Mr. Domai again sets forth the same operative facts and seeks the same relief as the other lawsuits filed against American Express and its various employees alleging he was terminated in violation of FMLA.

---

[36] *Domai v. Tuttle*, Case No. 2:17-cv-446-TC.

[37] *Domai v. Hauser*, Case No. 2:17-cv-447-DB-DBP.

[38] *Domai v. Pech*, Case No. 2:17-cv-448-TS.

[39] *Domai v. Shane*, Case No. 2:17-cv-449-TS.

[40] *Domai v. American Express*, 2:17-cv-460-DB.

[41] *Domai v. Lepire*, 2:17-cv-461-DN-BCW.

[42] *Domai v. Parker*, 2:17-cv-462-JNP.

### B.     Proposed Filing Restrictions

Based on the above-referenced history, this court has determined that Mr. Domai is a pro se litigant who has filed numerous lawsuits that have been (or likely should be) dismissed for failure to state a claim, failure to prosecute, and/or failure to comply with court orders.

Accordingly, this court recommends designating Mr. Domai as a restricted filer in this court.  Consistent with restrictions previously imposed by the court that have been upheld by the Tenth Circuit, *see In re Raiser*, 293 Fed. App'x 619 (10th Cir. 2008), this court recommends that the following restrictions be imposed on Mr. Domai in any cases in which he is proceeding pro se:

1.     Any new civil complaint that Mr. Domai sends to this court will be collected by the Clerk of the Court and sent to a Magistrate Judge for review.

2.     The Magistrate Judge will then review the complaint to determine whether it is meritorious and should be filed, or whether it is meritless, duplicative, or frivolous.

3.     If the Magistrate Judge determines that the complaint is meritless, duplicative, or frivolous, the Magistrate Judge will forward the complaint to the Chief District Judge for further review.

4.     Only with the consent of the Chief District Judge will the complaint be filed.

5.     Mr. Domai's pleadings must be certified as provided in Rule 11 of the Federal Rules of Civil Procedure.

### C.     Notice and Opportunity to be Heard

This Report and Recommendation serves as the required notice and opportunity afforded to Mr. Domai to address the proposed filing restrictions.  This court further informs Mr. Domai

that "[t]he notice and opportunity requirement does not, however, require an in-person hearing in the district court." *Tripati*, 878 F.2d at 354.  Whether a hearing will be set is a determination to be made by either Judge Parrish or Chief Judge Nuffer.

## **CONCLUSION AND RECOMMENDATION**

Based on the foregoing, this court concludes and recommends that Mr. Domai's IFP application be **DENIED** and that he be deemed a restricted filer in the District of Utah.  Mr. Domai's complaint is meritless, duplicative, and frivolous.

Copies of this Report and Recommendation are being sent to Mr. Domai, who is hereby notified of his right to object.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Mr. Domai must file any objection to this Report and Recommendation within fourteen (14) days after being served with a copy of it.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Failure to object may constitute waiver of objections upon subsequent review.

DATED this 26th day of June, 2017.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge